# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH JAY RANEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 08-cv-493-JPG |
| A. BLEDSOE, *et al.*, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff requests that the Court appoint him counsel (Doc. 2). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff states that he has attempted, unsuccessfully, to obtain counsel, though he does not support this statement with any documentation.

With regard to the second step of the inquiry,"the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. Plaintiff's claims are not that factually complex – he alleges, primarily, that Defendants have interfered with his attempts to file grievances, and that Defendants

have failed to resolve issues among inmates regarding equitable control over the television. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, based on Plaintiff's pleadings in this case, this Court concludes that - at this time - Plaintiff appears to be competent to litigate his case. Therefore, Plaintiff's motion for the appointment of counsel is **DENIED**, without prejudice.

Next, Plaintiff asks that the United States Marshal be appointed to effect service upon all Defendants (Doc. 5). Once the Court completes a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, should any claim survive that review, the Marshal will automatically be appointed to effect service. *See* FED.R.CIV.P. 4(c)(3). Accordingly, the instant motion is **MOOT**.

Finally, Plaintiff filed a motion to expedite this case (Doc. 7). In this motion, he asks the Court to direct Defendants to stop opening his mail from the court outside his presence. Thus, the Court construes this motion as seeking issuance of a temporary restraining order (TRO). A TRO is an order issued without notice to the party to be enjoined that may last no more than ten days. A TRO may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b). Without expressing any opinion on the merits of any other of Plaintiff's claims for relief, the Court is of the opinion that a TRO should not issue in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*. Furthermore,

> with minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files. It is therefore not apparent to us why it should be regarded as privileged and how [the plaintiff] could be hurt if the defendant read these documents before or after [the plaintiff] does.

*Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987). Therefore, Plaintiff's rights are not violated when official court mail is opened outside his presence. *See Stone-El v. Fairman*, 785 F.Supp. 711, 715-16 (N.D. Ill. 1991) (applying the rationale of *Martin* to incoming mail from court clerks). Accordingly, the motion to expedite is **DENIED**.

**IT IS SO ORDERED.**

**Dated: September 5, 2008.**

                                                 s/ J. Phil Gilbert
                                                 **U. S. District Judge**