IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH JAY RANEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CIVIL NO. 08-cv-493-JPG |
| A. BLEDSOE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## COUNT 1

In his first claim, Plaintiff alleges that Defendants Mills and Bryson thwart his access to the administrative remedy process. He specifically states that he attempted to file grievances over several issues – the amount of pay he should have received for a specific job, access to his visitation list, and forms to complete in order to send money out of the institution. He was told that he had used the wrong forms, and then he was given new forms to complete. When he did not receive a response within a week, he tried to file at the next level and complained that Mills was not doing her job.

Bureau of Prisons regulations provide "a process through which inmates may seek formal review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must first file and informal complaint with his counselor or other staff member. 28 C.F.R. § 542.13(a) (inmate with a grievance shall first present issue informally to prison staff). If the inmate is dissatisfied with the response he receives, he must file a BP-9 seeking administrative review with the warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a), 542.18. An inmate dissatisfied with the warden's disposition of his Request for Administrative Remedy may appeal within 20 days to the BOP's Regional Director, *see* 28 C.F.R. § 542.15(a), who has 30 calendar days to respond, *see* 28 C.F.R. § 542.18, and may appeal within 30 days from the Regional Director's decision to the BOP's General Counsel, *see* 28 C.F.R. § 542.15(a), who must respond within 40 days, *see* 28 C.F.R. § 542.18. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level. *Id.*

From the allegations in the complaint, it does not appear that Plaintiff had the patience to wait for the administrative wheels to turn. Moreover, the "inmate grievance procedures do not give

rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and Count 1 is dismissed from this action with prejudice.

**COUNT 2**

Plaintiff next alleges that Mills is "retaliating and/or discriminating" against him for filing grievances against her.[1] Apparently this animosity towards Plaintiff was manifested in Mills' allegedly telling other inmates that Plaintiff had "told on" Inmate Selcado ("told on" for what is not clear). Selcado was moved out of the unit, and Mills planned to move Inmate McGee, but McGee was not moved. Plaintiff spoke with Defendants Bryson and Wilson about his issues with McGee, and both promised to investigate.[2]

Although prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement, the Court cannot discern what retaliatory actions allegedly have been taken against Plaintiff. The only adverse events mentioned are Plaintiff's conflicts with McGee over the television, but Mills certainly cannot be expected to referee their television time. Thus, Plaintiff has failed to state a claim upon which relief may be granted, and Count 2 is dismissed from this action with prejudice.

---

[1] Presumably, Plaintiff is referring to his grievances complaining that Mills was not processing his grievances in a timely manner.

[2] In the context of Count 2, Plaintiff includes no information regarding what issues he had with McGee. However, that point is illuminated in Count 4 – it involves control of the televisions. From the exhibits, it also seems that McGee was referring to Plaintiff as a rat.

**COUNT 3**

In Count 3, Plaintiff alleges only that Defendants Mills and Wilson discussed with inmate Hrobowski the issues between Plaintiff and McGee. Apparently Wilson said that if the television issue was not dropped, both Plaintiff and McGee would be moved. No constitutional violation is suggested by these allegations, and Count 3 is dismissed from this action with prejudice.

**COUNT 4**

Plaintiff's final claim is that his safety is not being protected. At first blush, it sounds like he might have a claim, but then he explains – Inmate McGee and Inmate Boatman, two of six black inmates in his housing range of 17 inmates, have managed to wrest control of two of the three televisions. He is unhappy that the 11 non-black inmates have been bullied into sharing just one television, and thus he is often forced to watch programs that he would rather not watch.

Plaintiff does not have a constitutional right to watch his choice of television programming, or any television at all. Territorial disputes over television and other amenities are simply a fact of prison life; the federal courts are not in the business of deciding whose turn it is to handle the remote control. Count 4 is frivolous in every sense of the word, and it is dismissed with prejudice.

**CONCLUSION**

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: March 13, 2009.**

                                              **s/ J. Phil Gilbert**
                                              **U. S. District Judge**