# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENNETH JAY RANEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) CIVIL NO. 08-cv-493-JPG |
| **A. BLEDSOE,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This action is before the Court to rule on Plaintiff's motion to vacate judgment (Doc. 20), invoking either Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. The Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). If a motion challenging a judgment on the merits is served after ten days of the rendition of judgment, the motion falls under Rule 60(b).'" *Id.* (citations omitted).

Judgment was entered in this action on March 13, 2009, but the instant motion was not filed until May 13, well after the 10-day period expired. *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred. Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000);

*Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

Plaintiff argues that the Court misconstrued his allegations and was incorrect in finding that he had not exhausted his administrative remedies. Such an argument does not suggest the sort of clerical mistake warranting relief under Rule 60(b). Morever, Plaintiff is mistaken: the Court did *not* make a finding as to whether or not he had exhausted his administrative remedies. Rather, the Court stated:

> From the allegations in the complaint, it does not appear that Plaintiff had the patience to wait for the administrative wheels to turn. Moreover, the "inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

Memorandum and Order entered March 13, 2009 (Doc. 15). This is not a finding that he failed to exhaust; it is a finding that he has no protected liberty interest in having his grievances processed according to his wishes. Accordingly, the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**Dated: June 4, 2009.**

                                              **s/ J. Phil Gilbert**
                                              **U. S. District Judge**